Freeman gave Lester ten days' notice, that under the last mentioned act he should at the next Court to be held for said county, move for judgment and award of execution against him for all moneys which he had received as the former treasurer, and which he had failed to account for and pay over to his successor in office. It is admitted by Lester that he received the sum of two hundred pounds from the treasurer of the State, to be expended according to the directions of the Act of 1795.
The county court gave judgment for the sum of two hundred pounds, with interest, agreeable to the Act of 1797, from which judgment Lester appealed to the Superior Court for the District of Salisbury.
The question arising on this statement is, whether, after Lester had been appointed under the Act of 1795, the Act of 1797, vacating his office, was a constitutional law or not. (295)
We cannot thus incidentally decide upon the validity of the act by which Lester was removed from his office. That its authority was sufficient to sanction the present action, and to justify the recovery made, cannot admit of any serious doubt.
NOTE. — On the point on which the Court refused to decide incidentally, see Hoke v. Henderson, 15 N.C. 1, where the Court decided that the Act of 1832, respecting the election of clerks by the people, was unconstitutional and void, so far as its provisions had the effect of removing clerks then in office, before their regular terms had expired. *Page 250